[No. 20030.  In Bank.—August 22, 1885.]

EX PARTE B. H. LICHTENSTEIN ON HABEAS CORPUS.

CONSTITUTIONAL LAW—PAWNBROKERS—ACT LIMITING RATE OF INTEREST.—The Act of March 7, 1881, amending section 340 of the Penal Code, and making it a misdemeanor for a pawnbroker to charge or receive interest at the rate of more than two per cent per month, is not repugnant to the provision of the Constitution which prohibits the passing of special laws regulating the rate of interest on money.

APPLICATION for a writ of habeas corpus. The facts are stated in the opinion of the court.

*Chas. B. Darwin*, for Petitioner.

*J. D. & D. T. Sullivan*, Contra.

MORRISON, C. J.—The petition for a writ of habeas corpus in this case sets forth "that a complaint was filed against the petitioner in the Police Court of the city and county of San Francisco, charging that he was engaged in and was conducting the business of a pawnbroker in said city, and as such received from a person therein named one gold watch as a pledge in consideration of a loan of thirty dollars, and did then and there unlawfully and wilfully charge on said loan a rate of interest in excess of two per cent per month, to wit, interest at the rate of four per cent per month, and thereupon the petitioner was brought before said Police Court, was tried and convicted, and sentenced on said charge. Defendant thereupon appealed from said judgment of conviction to the Superior Court of the city and county of San Francisco, where said judgment was duly

affiirmed." It is claimed that the petitioner is unlawfully restrained of his liberty, because the act under which he was prosecuted is unconstitutional and void. The following is the law for a violation of which petitioner was convicted:—

"Section 340 of the Penal Code is hereby amended so as to read as follows: —

"Every pawnbroker who charges or receives interest at the rate of more than two per cent per month, or who, by charging commissions, discount, storage or other charge, or by compounding, increases or attempts to increase such interest is guilty of a misdemeanor."

Section 340 of the Penal Code, which was passed before and was in force when the new Constitution went into effect, prohibited pawnbrokers from receiving a greater rate of interest on loans than four per cent per month. The contention is that the last act on this subject, and the one under which the prosecution in this case was had, and which was approved March 7, 1881, is in violation of certain provisions of article iv., section 25, of the Constitution. The following are the provisions said to be violated: —

"The legislature shall not pass local or special laws in any of the following enumerated cases; that is to say, second, for the punishment of crimes or misdemeanors.

"Twenty-third, regulating the rate of interest on money."

This case really turns upon the second prohibition above referred to, because if the legislature had the right to prohibit pawnbrokers from charging a larger rate of interest than two per cent per month on loans made by them, it had a right to punish parties who violated the law; otherwise it would be a law without a sanction to enforce it.

By section 2 of article i. of the old Constitution it was provided that "all laws of a general nature shall have a uniform operation," and by the Act of 1861, referred to above, the rate of interest which pawnbrokers were allowed to charge was regulated by a law applicable solely to that class of money-lenders. In the case of *Jackson* v. *Shawl*, 29 Cal. 267, the constitutionality of that law was attacked on the ground that it was a special law, not uniform in its operation, but the court upheld it. The court there says: "The constitutional objection

which is made to this act of the legislature. has been settled adversely to the views of the defendant by several cases (naming them), and it is only necessary for us to say we are satisfied with the general doctrine of these cases respecting the clause of the Constitution in question, and therefore hold the objection made to the statute to be invalid."

In the case of *Ex parte Koser*, 60 Cal. 177, involving the constitutionality of the so-called Sunday law, one objection made to the law was that it was in violation of section 25, article ii., of the present Constitution, inasmuch as it was a special law for the punishment of crimes and misdemeanors, which the legislature was prohibited from passing. The law was sustained, and Mr. Justice Thornton, in delivering the main opinion of the court says : —

"Certainly the legislature is intrusted with an enlarged discretion to determine what shall be punished criminally, and what shall not be, to fix upon what shall be put in the class of *mala prohibita*, and what shall not be included. Is is consistent with this view to conclude and hold that such a law is a general one, uniform in its operation, and that by it no privilege or immunity is granted so as to bring it in conflict with the clause of the Constitution above referred to."

Accepting the foregoing as a correct definition of a general law, we think the act in question may be sustained. It applies to all persons in this State engaged in the business of licensed pawnbrokers, and makes all persons engaged in that business amenable to its provisions. And if we look into the reason of the law it is not without good and valid reasons to support it. It is well known that persons frequenting the offices of pawnbrokers are generally the reckless and needy and improvident, who require the protection of the law. To no other class of money-lenders do the same reasons apply. Men driven by the necessities of their situation resort to the pawnbroker, and pledge any and all articles in their possession in order to raise money, and they are not particular about the rate of interest charged them. The pawnbroker also does a business peculiar to himself. He *always* requires a deposit as security for the amounts loaned, which are usually small, and in that respect at least, his is a business not carried on by any other

person in the State.    Pawnbrokers are not allowed to do a certain act because the legislature in its wisdom deemed it injurious and harmful to the community to permit them to do the prohibited act, but the like necessity for a rule of prohibition did not, in the opinion of the law-making power, apply to any other class of persons in the community.    It is only in cases where an act of the legislature clearly violates a provision of the Constitution that a court is justified in setting it aside, and we cannot say that the act in question is such.

Writ dismissed and petitioner remanded.

MYRICK, J., THORNTON, J., and McKINSTRY, J., concurred.