[Crim. No. 1900.—In Bank.—April 14, 1915.]

In the Matter of the Application of A. H. STEPHAN, on Habeas Corpus.

PERSONAL PROPERTY BROKERS—ACT DEFINING AND REGULATING CHARGES AND BUSINESS IS CONSTITUTIONAL.—The act of April 16, 1909, as amended April 21, 1911 (Stats. 1909, p. 969; Stats. 1911, p. 978), defining personal property brokers and regulating their charges and business, is not in violation either of section 11 of article I of the constitution, declaring that all laws of a general nature shall have a uniform operation; nor of section 21 of that article forbidding the granting of special privileges or immunities to any citizen or class of citizens, which, upon the same terms, shall not be given to all; nor is it a special law, within the meaning of subdivision 23, section 25 of article IV of the constitution, forbidding special laws regulating the rate of interest on money.

ID.—UNIFORM OPERATIONS OF GENERAL LAWS—SPECIAL PRIVILEGES AND IMMUNITIES—CLASSIFICATION BY LEGISLATURE—REVIEW BY COURTS.

It is not a violation of the first two of such constitutional provisions for the legislature to enact laws applying to persons throughout the state, but only to those of a specified class, provided the distinctions which mark the class are those which reasonably arise out of the nature of the things composing it and distinguish them from others not embraced within it in such a manner that the peculiar legislation is not arbitrary or unreasonable. The legislative judgment as to what is a sufficient distinction cannot be overthrown by the courts, unless it is, beyond rational doubt, erroneous. A decision holding one statute invalid, upon the conditions relating to it, is not necessarily authority for a similar decision upon another statute, unless the facts and conditions are essentially the same in the one case as in the other.

ID.—LOANING MONEY ON CHATTEL MORTGAGES OR ASSIGNMENTS OF WAGES—BUSINESS SUBJECT TO SPECIAL CLASSIFICATION AND REGULATION.—In the development of modern civilization the business of loaning money on chattel mortgages or like instruments, and that of loaning or advancing money on assignments or other transfers of wages, earnings, and the like, have become so well known and so capable of classification and recognition that the legislature is justified in describing them as a peculiar class and giving the persons conducting them the name of personal property brokers; and the abuses that have grown up in connection therewith are such that the legislature might well deem them to call for the regulations imposed by such law.

APPLICATION for a Writ of Habeas Corpus directed to the Chief of Police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Olin L. Berry, for Petitioner.

C. M. Fickert, District Attorney, and A. R. Cotton, Assistant District Attorney, for Respondent.

SHAW, J.—The petitioner was imprisoned on a charge of having violated the provisions of the act entitled, "An act to define personal property brokers and regulate their charges and business," enacted April 16, 1909, and amended April 21, 1911. (Stats. 1909, p. 969; Stats. 1911, p. 978.) He asks a release from custody on the claim that the law is unconstitutional.

Section 1 of the law provides that every person "engaged in the business of loaning or advancing money" on the secur-

ity of chattel mortgages or other contracts by which personal property is hypothecated as security for such loan and the use and possession thereof is not to be in the lender, or on the security of a lien upon, or assignment of, or power of attorney relating to ''wages, salary, earnings, income or commissions,'' shall be deemed a ''personal property broker.'' Sections 2 and 3 allow such brokers to charge and receive two per cent per month as interest on the money loaned on such security and provide that they shall not charge or receive more, either directly, or under any pretext, as for costs, expenses and the like. Section 5 requires such personal property broker, on making such loan or advancement, to give to the borrower a memorandum showing the name of the lender, the nature of the instruments taken as security, and certain other particulars of the transaction. It is further provided that contracts for such loans or advancements are void if a greater rate of interest or benefit than the statute allows is accepted therefor or provided for or agreed upon therein, and that a failure of the broker to give the memorandum required by section 5 is a misdemeanor punishable by fine or imprisonment or both.

The petitioner was charged with being engaged in the business aforesaid and with having made such a loan upon the security of a chattel mortgage, without giving to the borrower the memorandum aforesaid.

Section 11 of article I of the constitution declares that ''all laws of a general nature shall have a uniform operation.'' Section 21 of the article forbids the granting of special privileges or immunities to any citizen or class of citizens, which, upon the same terms, shall not be given to all. Under the rules now well established in this state we think it is clear that this statute does not controvert these provisions. It is not a violation thereof for the legislature to enact laws applying to persons throughout the state, but only to those of a specified class, provided the distinctions which mark the class are those which reasonably arise out of the nature of things and distinguish them from others not embraced within it in such a manner that the peculiar legislation is not arbitrary or unreasonable. The legislative judgment as to what is a sufficient distinction cannot be overthrown by the courts, unless it is, beyond rational doubt, erroneous. No authority need be cited in support of these propositions. It follows, also

as a corrollary, that a decision holding such legislative judgment wrong in this respect with regard to one statute, upon the conditions relating to it, is not necessarily authority for a similar decision upon another statute, unless the facts and conditions are essentially the same in the one case as in the other. The decision in this particular is like any other decision on a question of fact—not a precedent except for cases where the facts are the same.

The present case is not essentially different from *Ex parte Lichtenstein,* 67 Cal. 359, [56 Am. Rep. 713, 7 Pac. 728]. In that case a penal law applying only to pawnbrokers was declared valid and constitutional on the ground that pawnbrokers constituted a class doing a peculiar business which the legislature might justly consider required peculiar regulations. The business of pawnbroking is ancient and its characteristics are, of course, well known. This is not true of personal property brokers. But we think it must now be conceded that in the course of the development of modern civilization the business of loaning money on chattel mortgages, or like instruments, and that of loaning or advancing money on assignments or other transfers of wages, earnings, and the like, as well, have become so well known and so capable of classification and recognition that the legislature is entirely justified in describing them as a peculiar class and giving them the name of personal property brokers. Their business is as distinct in many respects from other classes of business as is that of a pawnbroker. Nor can it be denied that abuses have grown up in connection therewith which the legislature might well deem to call for the regulations imposed by this law. This being the case the limitation of the legislation to these classes alone does not destroy the uniformity of the law nor confer unlawful special privileges upon those persons not engaged in the business regulated.

It is not a special law, within the meaning of subdivision 23, section 25 of article IV of the constitution, forbidding special laws "regulating the rate of interest on money." This proposition is settled by the decision in *Ex parte Lichtenstein,* 67 Cal. 359 [56 Am. Rep. 713, 7 Pac. 728], where the point was expressly decided with respect to the Pawnbrokers' Act. No substantial difference can be seen between that act and the Personal Property Brokers' Act, so far as the application of this constitutional provision is concerned.

We do not consider the decision in *Ex parte Sohncke,* 148 Cal. 262, [113 Am. St. Rep. 236, 7 Ann. Cas. 475, 2 L. R. A. (N. S.) 813, 82 Pac. 956], as in substantial conflict with these views.    The classification there condemned was far more arbitrary and fanciful than that made by this act.    There the same kind of an act was punishable in different ways by one of the statutes declared invalid, according to the person who committed it.    The other act declared invalid, permitted loans upon mortgages of certain kinds of chattels without limitation as to the rate of interest, while forbidding loans upon such mortgages upon other chattels, except at a limited rate.    This is apparently a distinction without a legal difference.    There may be expressions in the opinion that are inconsistent with the views here given but they are not essential to the decision and should be disregarded.

The writ is discharged and the prisoner is remanded to the custody of the respondent.

Sloss, J., Melvin, J., Henshaw, J., Lorigan, J., and Angellotti, C. J., concurred.