## EX PARTE ANDERSON

### No. 2709

January 12, 1926.                           242 P. 587.

1. AUTOMOBILES — CONSTITUTIONAL LAW — STATUTE REQUIRING LICENSING OF MOTOR CARRIERS HELD CONSTITUTIONAL.
    Stats. 1925, c. 162, requiring motor carriers operating over highways of the first class to procure license, *held* not violative of due process of law or equal protection of laws.

2. STATUTES—STATUTES NOT VOID FOR UNCERTAINTY IF ANY PRACTICAL OR SENSIBLE EFFECT MAY BE GIVEN IT.
    A statute will not be held void for uncertainty if any practical or sensible effect may be given it, and mere difficulty in ascertaining its meaning or fact it is susceptible of interpretations will not render it nugatory.

3. STATUTES—A LAW, IMPERFECT IN DETAILS, NOT VOID UNLESS EXECUTION THEREOF IMPOSSIBLE.
    A law, though imperfect in its details, is not void unless it is so imperfect as to make it utterly impossible to execute it.

4. STATUTES—STATUTE LICENSING OF MOTOR CARRIERS OPERATING ON FIRST-CLASS HIGHWAYS NOT VOID FOR UNCERTAINTY.
    Stats. 1925, c. 162, requiring license for the operation of common carrier motor vehicles, *held* not void for uncertainty, as applied to operator of motor carrier operating on route consisting only partially of first-class highways as defined in section 2, and not void because it will render business unprofitable.

See (1) 28 Cyc. p. 33, n. 72; (2, 3, 4) 36 Cyc. p. 968, n. 88; p. 969, n. 91.

ORIGINAL APPLICATION by Lucian Neal Anderson for a writ of habeas corpus. **Proceeding dismissed, and petitioner remanded to custody. Rehearing denied.** (McNAMARA, District Judge, dissenting.)

*Harwood & Tippett* and *Chandler & Quayle,* for Petitioner:

Stats. 1925, c. 162, upon which complaint is based, is illegal and void because it is so conflicting as to be unintelligible. Section 1 requires annual license; section 2 requires semiannual license based upon gross receipts; no provision is made for applying for license by one who has not previously been in business; section 1 applies to those who may hereafter be permitted to use highways for hire; section 2 applies to each operator on first-class highways for hire. In Re Hendricks, 57 P. 965; People v. Sweitzer, 107 N. E. 902.

Act is in violation of section 21 of article 4 of state constitution because those subject thereto are same as are permitted to use highways for hire, who are also subject to act of 1919, c. 109, as amended, which exempts taxicabs and other vehicles which are often operated on first-class public roads, especially out of Reno.

Act discriminates against petitioner in whose routes of about 63 miles only 1½ miles are concrete and balance common dirt, by requiring as large a tax as if he used first-class highway on entire route.

Classification of highways is not based on any natural or reasonable basis. 5 Cal. Jur. pars. 188 to 214; 37 C. J. 198; 6 R. C. L. 403; Gulf etc. Ry. v. Ellis, 165 U. S. 150.

Act is in violation of article 14 of amendments to constitution of United States in that it denies equal protection of laws.

*M. A. Diskin,* Attorney-General, and *Thos. E. Powell,* Deputy Attorney-General, for Respondent:

Public service commission law and Stats. 1925, c. 162, in so far as they relate to motor carriages for hire, apply only to common carriers.

Classification into private and common carriers is everywhere recognized.

On call operators must procure certificates of public necessity, same as if they operated between fixed termini.

Taxicabs are exempted only when they operate within

limits of cities. "Or" may be read "and" in clause, "*or* engaged in the transportation of persons or property for hire exclusively within the limits of a city or town of the State of Nevada." Popular use of words "or" and "and" is loose.; when used in statute they are convertible as sense may require. 2 Lewis' Sutherland Statutory Construction (2d ed.), 757; People v. Rice, 33 N. E. 846.

Statute should receive, if possible, construction which makes it constitutional. V. & T. R. R. Co. v. Hinry, 8 Nev. 165; State v. Martin, 32 Nev. 198.

Where procedure gives reasonable notice and fair opportunity to be heard, due process clauses are not violated. Hallinger v. Davis, 146 U. S. 320; U. S. v. Crukshank, 92 U. S. 542.

Legislature has right to classify for purposes of legislation, exercises wide discretion in that regard, and its acts can be overthrown only when unreasonable and arbitrary. Matter of Stephens, 148 P. 196; Lindsley v. Gas Co., 220 U. S. 61.

Classification of highways is based on relative cost.

Tax applies equally to all persons who operate common carriers over first-class highways. Right of equal protection is not denied where same law applies to all similarly situated. Tinsley v. Anderson, 171 U. S. 106; Denver v. N. Y. Trust Co., 229 U. S. 123.

All parts of act should be considered together, not each part by itself. Verdi L. Co. v. Bartlett, 40 Nev. 317.

## OPINION

By the Court, SANDERS, J.:

This is an original proceeding on habeas corpus. The chief justice being temporarily absent and the parties having requested that the matter be heard and determined by a full court, the governor appointed Hon. J. M. McNamara, judge of the Fourth judicial district, as judge pro tem. of this court for this particular case.

The questions involved relate to the interpretation and constitutionality of an act approved March 21, 1925,

chapter 162, Statutes 1925, entitled "An act providing for a license for the operation of common-carrier motors and vehicles, and other matters relating thereto."

Omitting its lengthy preamble, the act reads as follows:

"Section 1. Every person, company, association and corporation who is now or who may hereafter be permitted to use the public highways of this state for the transportation of property or passengers for hire in any established common-carrier truck or passenger line must procure annually a license therefor from the public service commission of Nevada, and make payment for such license as hereinafter provided.

"Sec. 2. Each operator of a motor vehicle or vehicles within this state who transports or desires to transport persons or property for hire or compensation over any public highway designated as first-class highways within this state shall file with the public service commission of Nevada on a form to be provided by said commission on or before July 1, 1925, and each semiannual period thereafter an application for a license which shall state the gross earnings from operation derived by the applicant operator from the operation of said motor vehicle or vehicles within the state for the semiannual period prior to the date of such application.

*"Classes of Highways Defined*—Any highway of Portland cement concrete, bituminous concrete, asphalt, or other hard surface, shall be considered a highway of the first-class. Any highway with a surface of gravel, crushed rock, or shale shall be considered a highway of the second-class. Any public earth, gravel, or rock road not included in the foregoing two classes is to be considered a highway of the third-class.

"Sec. 3. Such license shall be issued by said public service commission of Nevada to any operator of motor vehicles for hire who may have been granted, or who is granted a certificate of public convenience and necessity, upon payment of 4% of said operator's gross earnings derived from the operation of such motor vehicles

during the preceding six (6) months, and said license shall be payable semiannually; provided, that there shall be deducted from said 4% of gross earnings the amount of any plate or registration license.

"Sec. 4. All moneys collected for licenses under the provisions of this act shall be turned over by the said public service commission to the state treasurer of the State of Nevada, who shall annually distribute the said funds to the counties proportionate to the length of roads used and licenses affecting each county of the state, and said funds shall go into the road fund of such county.

"Sec. 5. Any person, company, association or corporation who shall engage in the business of transportation of property or passengers in any established common-carrier truck or passenger line within the State of Nevada, without having procured a license therefor as prescribed by this act, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than fifty ($50) dollars nor more than two hundred and fifty ($250) dollars; provided, that each day's operation shall be considered a separate offense.

"Sec. 6. This act shall be in full force, effect and virtue on and after July 1, 1925."

1. After giving due weight to the argument of counsel, we are unable to reach the conclusion that the statute is void for repugnancy to the constitution, in that it is violative of due process of law and denies the equal protection of the laws. Huddy on Automobiles (5th ed.) sec. 61; The Law Applied to Motor Vehicles, Babbitt (3d ed.), secs. 95 and 96.

The argument is advanced that the statute is void for uncertainty. This contention is argumentative, and in order to make the petitioner's position clear it is necessary to give a brief statement of the admitted facts. The petitioner was arrested on the 3d day of July, 1925, upon a warrant of arrest issued out of the justice's court of East Fork Township in and for Douglas County, upon a complaint charging him with the crime of "transporting persons and property for hire by motor vehicle in an established common carrier, truck and passenger

line over a first-class highway, without having procured from the public service commission of Nevada a license so to do." It is conceded that the petitioner when arrested was engaged in transporting persons and property for hire by motor vehicle over the public highway between fixed termini, to wit, between Minden in Douglas County and Fredericks Ranch in Mineral County. In transporting persons and property for hire in his established line he traveled over a first-class highway as defined by the statute between fixed termini, to wit, Minden and Gardnerville in Douglas County. It is conceded that this particular first-class highway was constructed or improved with federal, state, and county aid and is under the control of the state highway department.

2-4. The question for determination is whether the transportation by the petitioner of persons and property for hire over this particular first-class highway is within the meaning of the statute. Section 2 of the act is a legislative declaration to the petitioner that in order for him to operate over any first-class highway he must procure the license in the manner provided in the section. The fact that the petitioner's established line extends beyond the termini of the first-class highway traveled is no argument against the validity of the statute. A statute will not be held void for uncertainty if any sort of practical or sensible effect may be given it. Mere difficulty in ascertaining its meaning, or the fact that it is susceptible of interpretations, will not render it nugatory. State v. State Board of Examiners (Mont.) 238 P. 316; Adams v. Greene, 182 Ky. 504, 206 S. W. 759. The statute under consideration may not accomplish its purposes as fully as the legislature designed, but that does not render it void. Though a law is imperfect in its details, it is not void, unless it is so imperfect as to make it utterly impossible to execute it. Gordon v. State, 46 Ohio St. 607, 23 N. E. 63, 6 L. R. A. 752; 36 Cyc. 968. In so far as the statute under review relates to any first-class highway, it is a complete law and enforceable. Its enforcement in this particular case may result in loss of profits and render the petitioner's business unprofitable, but this is no argument against the

validity of the statute. In such a case the petitioner's remedy lies with the legislature and not with the courts. In order that the statute may be given any sort of practical or sensible effect, it must be interpreted to mean what section 2 of the act announces: That each operator of a motor vehicle who transports or desires to transport persons or property for hire over any public highway designated as first-class highway must make application for the license in the manner provided in the section. To give the statute any other interpretation would defeat its purpose to impose a license tax upon those who transport persons or property for hire over any first-class highway and render it nugatory.

We have considered the other objections urged against the validity of the act, but find them to be untenable. We therefore order that this proceeding be dismissed, and the petitioner remanded· to the custody of the constable of East Fork Township for Douglas County, to be dealt with by the State of Nevada as it may be advised by the attorney-general.

DUCKER, J.: I concur.

MCNAMARA, District Judge, dissenting:

I am compelled to dissent from some of the views and the conclusions reached by my learned associates as expressed in the majority opinion in this proceeding.

Petitioner contends that the act in question is so indefinite and uncertain that it is impossible to ascertain the intent of the legislature at the time of the enactment of the statute, and that the same is therefore inoperative and void.

It is a well-established rule of law that—

"Where an act of the legislature is so vague, indefinite and uncertain that the courts are unable to determine with any reasonable degree of certainty what the legislature intended, or is so incomplete or is so conflicting and inconsistent in its provisions that it cannot be executed, it will be declared to be inoperative and void."

See 25 R. C. L. 810, art. 62, and note.

Section 1 of the act seems to require of every operator

of motor vehicles who operate for hire over any of the public highways of the State of Nevada, regardless of the classification of such highways, to procure a license for such operation in accordance with the later provisions of the act itself. The second provision of the act seems to require only that those operators who operate over first-class highways shall procure a license and pay the tax.

My learned associates, in construing and interpreting the act, construe the same to mean that every operator of motor vehicles, who operates as a common carrier for hire of persons or property over any of the highways of the state, is subject to the provisions of the act with reference to the procurement of a license and the payment of the tax. If this is the proper construction of the act, I am at a loss to understand why it was necessary to make any classification of highways whatsoever as is done in paragraph 2 of section 2 of said act. Further, if such is the proper interpretation of the act, I am at a loss to understand why it was necessary to incorporate in said act any part of section 2.

It is apparent from the act, by a reference to the preamble, that it was the intent of the legislature to in some manner tax operators of motor vehicles who operate as common carriers over public highways of the State of Nevada. If it was the intention of the legislature to tax operators regardless of the class of highways over which they operated, certainly they could have used language which would have made this intention clear, and it would not have been necessary to incorporate in said act section 2 thereof. If it was the intention of the legislature to tax only those operators who operate over first-class highways, likewise the legislature could have employed language which would have made such intention plain and it would not have been necessary to include in the act section 1 thereof.

The fact that the legislature saw fit to incorporate into the act section 2 thereof seems to indicate that they intended to make a further classification with reference to the application of the tax; that is, it seems to me to be plain that the legislature intended to classify operators

operating over the various classes of highways, with reference to the application of the tax, and that this classification in some way was left out of the act. What their intention was in this regard certainly cannot be ascertained from the act itself by any rule of statutory construction that I am aware of. If the legislative intent cannot be determined from the act, the court is not at liberty to supply one by legislating itself; the court's function in this regard being that of interpretation and construction, and not legislation.

After a very careful study of the act, I am unable to ascertain whether or not the legislature intended to tax operators who operated over any class of highways, or only those who operated over first-class highways.

It is stated in State v. Partlow, 91 N. C. 550, 49 Am. Rep. 652, that, "if no judicial certainty can be settled upon as to the meaning of a statute," the courts are not at liberty to supply one. It "must be capable of construction and interpretation; otherwise, it will be inoperative and void."

Since I have been unable to place any interpretation or construction upon the act in question from which a judicial certainty can be determined upon as to the meaning of the statute, or the intent of the legislature, therefore, in the light of the above rule, I feel that I am compelled to conclude that the statute is void, and, in so doing, I am very mindful of the rule that it is the duty of courts, if reasonably possible, to so construe a statute as to give it effect.

With reference to the other grounds urged by petitioner, upon which he declares the statute to be unconstitutional and void, I am inclined to agree with my associates as to their reasoning and conclusions.

In view of the reasons asserted above, I am of the opinion that petitioner should be discharged.

ON PETITION FOR REHEARING

July 19, 1926.

Rehearing denied. (MCNAMARA, District Judge, dissenting.)