[L. A. No. 15022. In Bank.—May 24, 1935.]

LOS ANGELES CITY SCHOOL DISTRICT OF LOS ANGELES COUNTY (a Public Corporation) et al., Petitioners, v. H. E. GRIFFIN, as Secretary of Board of Education, etc., Respondent.

Scott & Eberhard and Ray C. Eberhard for Petitioners.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

PRESTON, J.—This is an original proceeding in mandate which attacks the constitutionality of section 5.1100 of the School Code.

Petitioner school districts comprise the public school system of Los Angeles and certain adjacent territory which forms a part of one or the other of such districts, and they employ over 500, to wit: in excess of 10,000 teachers in their elementary and secondary schools. They seek writ of mandate to compel the secretary of the Los Angeles board of education, their governing board, to execute a contract between said board and the public school teachers' retirement salary fund board (sec. 5.940, School Code). The execution of said contract would mark the culmination of procedure followed by said board of education, pursuant to the provisions of sections 5.1110–5.1138, inclusive, School Code, in its effort to establish a plan for district retirement salaries for the teachers in the public schools of the districts under its control.

Respondent, said secretary of the board of education, bases his refusal to sign the contract upon the sole claim that section 5.1100 of the School Code is unconstitutional in its attempted classification of school districts, as shown by the italicized portions of the following provisions thereof:

"The governing boards of *any two or more school districts having the same personnel,* in which districts *five hundred or more teachers* are employed in the elementary and secondary schools thereof . . . shall have power . . . to elect to provide a plan or system for a district retirement salary . . . to be paid by the district to all teachers in the public schools of such districts . . . "

To be more specific, respondent contends that the limitation (1) that two or more school districts have the same

personnel, and (2) that the districts employ 500 or more teachers in the elementary and secondary schools thereof, brings the statute within the inhibitions of section 25 of article IV of the state Constitution, which in part provides:

"The legislature shall not pass local or special laws . . .

"Twenty seventh—Providing for the management of common schools . . .

"Thirty-third . . . where a general law can be made applicable."

Petitioners claim that said section 5.1100 is a valid enactment and that the classification therein, both as to districts and number of teachers, is one which it was within the power of the legislature to make.

■ At the outset it may be said that the legislature has power to classify school districts for legislative purposes if the classification is not arbitrary but is general in character and is founded upon some natural, intrinsic or constitutional distinction; also that a classification is often warranted which depends, in the last analysis, upon the population of the districts. (*Grigsby* v. *King,* 202 Cal. 299 [260 Pac. 789].) We also have in mind the well-known rule that the legislative judgment as to what is a sufficient distinction will not be overthrown by the courts unless it is, beyond rational doubt, erroneous. (*In re Stephan,* 170 Cal. 48 [148 Pac. 196, Ann. Cas. 1916E, 617].) Furthermore, we recognize the desirability of having a retirement plan, such as outlined in the School Code, and we realize the benefits to be derived from such procedure, not only by the school interests but by the taxpayers and community as well.

■ With these observations, we are led to the conclusion that if section 5.1100 were otherwise constitutional, there would probably be no objection to limiting the right to invoke its provisions to districts employing a certain number of teachers, but we can see no valid reason for further restricting operation of the act to two or more school districts whose governing boards have the same personnel. This classification seems not only arbitrary and illogical but liable to prove disadvantageous in operation as well.

The elementary and secondary school districts do not necessarily embrace a common geographic area, which fact, under operation of the statute, would result in the casting

of unequal burdens upon taxpayers and unequal benefits upon teachers in the same territory. Indeed, in the present instance the petitioning districts under the control of one board are not coterminous. The area of the high school district exceeds that of the elementary district. It is not beyond possibility that in future the former may embrace territory of other elementary districts, employing the requisite number of teachers, who would be unable to share in any common retirement plan. The elementary and secondary districts are distinct organizations and in no case are two or more elementary districts or two or more secondary districts governed by the same board or by boards having the same personnel.

Furthermore, any change in the personnel of one of the boards would obliterate the element of similarity which brought the statute into operation, while leaving operative the retirement system thereby established. Likewise, in practical operation there would be a distinct discrimination against school districts which were coterminous and yet were governed by boards not having the same personnel.

We are cited to no reason why two or more districts employing 500 or more teachers cannot confederate to create a retirement system, even though governed by boards having different personnel. In our view the attempted classification is decidedly arbitrary.

The alternative writ is discharged and the petition denied.

Curtis, J., Thompson, J., and Waste, C. J., concurred.