[No. 24094.   Department One.   July 25, 1933.]

JOHN MANOS, *Respondent*, v. THE CITY OF SEATTLE
*et al., Appellants.*[1]

*A. C. Van Soelen* and *Glen E. Wilson,* for appellants.
*Arthur Schramm,* for respondent.

HOLCOMB, J.—Respondent is the owner of the premises located at 5517 Phinney avenue, Seattle, in which he has an investment of twenty-five thousand dollars. The building on the premises is suitable only for a skating rink or a dance hall.   The remainder of the entire block, fronting on Phinney avenue, is occupied and used for amusement purposes, consisting of a merry-go-round and ferris wheel.   This entire block is zoned under the zoning ordinance of the city of Seattle for business, but is usable only for amusements.

In 1925, respondent applied for a skating rink license, which was referred by the city comptroller to the corporation counsel for an opinion.   The counsel

[1]Reported in 24 P. (2d) 91.

rendered an opinion holding that a skating rink was entirely prohibited, and was not permitted as a non-conforming use lawfully existing at the time of the adoption of the zoning ordinance. The license was therefore refused. Respondent then brought an action to enjoin the city and its officers from interfering with his operation of a skating rink on the premises. The city answered, pleading the zoning ordinance and alleging that a' skating rink in that location was absolutely prohibited by the zoning ordinance. A trial was had, resulting in a decree permanently enjoining the city and its officers from interfering with the operation of a skating rink by respondent on the premises, subject to the requirement that he pay the specified license fee therefor.

In 1927, the corporation counsel rendered an opinion holding that such action was *res judicata* of respondent's right to such license, and that the comptroller was without authority to refuse a license in the absence of remedial legislation. No such remedial legislation has been enacted since the date of the opinion.

In 1931, respondent temporarily devoted a portion of the premises to a miniature golf course, although holding a skating rink license. Prior to the expiration of such license, he applied for a renewal thereof, but was informed by the officers of the city that it would be necessary to secure a rezoning of the property. After some delay, rezoning was denied and the license refused, as the result of which this action was instituted to enjoin interference with the operation of the skating rink on the premises by respondent.

The trial court granted a permanent injunction, from which this appeal has been prosecuted.

Seattle ordinance No. 45382, as amended by ordinance No. 48246, constitutes, for the purposes of this

case, the zoning ordinance of Seattle and, among other things, provides that:

"No dance hall, skating rink, merry-go-round, ferris wheel, carnival or similar amusement" shall be "permitted within any public park, school ground or playground or within five hundred (500) feet of the property line of any such park, school or playground, unless the same shall be conducted by or under the supervision and control of the board of school directors or the board of park commissioners."

The ordinance further provides:

"The unlawful use of a building or premises existing at the time of the adoption of this ordinance, but not conforming to the provisions for the use district within which it is located, may continue, provided that no structural alterations are made except such as the superintendent of buildings shall deem necessary for the safety of the building."

The section further provides:

"A non-conforming use shall not be changed except to a higher use, . . . a non-conforming use if changed to a conforming use shall not thereafter be changed back to a non-conforming use."

The Seattle license ordinance, No. 48022, provides for the licensing of various occupations and amusements, under the terms of which no license could be used for any use which was prohibited by the zoning ordinance above mentioned.

Seattle ordinance No. 40146, passed in 1919, prohibited theatres and dance halls within five hundred feet of parks, schools or playgrounds. The zoning ordinance passed in 1923 incorporated, as a provision thereof, the prohibitory provision of ordinance No. 40146, the effect being to prohibit theatres and dance halls, but not skating rinks, within five hundred feet of parks, schools and playgrounds in business districts.

Respondent asserts that ordinance No. 48246, en-

acted in January, 1925, was passed for the sole purpose of putting respondent's skating rink out of business; that while, by its title, it purports to be a zoning ordinance, it, in fact, merely adds skating rinks to the class of amusements prohibited within five hundred feet of parks, schools and playgrounds in business districts. This ordinance repealed ordinance No. 40146.

The evidence is undisputed that respondent conducts the skating rink in an orderly manner, so as not to create a nuisance in fact.

Respondent relied below and here relies upon the 14th Amendment to the United States constitution and Art. I, §§ 3 and 12 of our state constitution. Respondent also contends that the title to ordinance No. 48246 is defective.

Although we consider the title sufficient, it is not necessary to pass decisively on that contention, in view of our ultimate determination herein.

■ We adhere to the rule long established in this court, that the presumption is in favor of the validity of legislative enactments, and construction will be adopted which sustains validity, if possible. *State ex rel. Seattle Title Trust Co. v. Roberge,* 144 Wash. 74, 256 Pac. 781. But, on the other hand, this court is not inclined to permit the right to carry on a private business on private property to be limited or denied without good reason. *Seattle v. Ford,* 144 Wash. 107, 257 Pac. 243.

We are inclined to agree with an observation of the trial judge, made at the conclusion of the trial, to the effect that frequenters of skating rinks are at least benefited by the exercise necessary to human development and health, while no such benefit is derived from the neighboring establishments, the merry-go-round, or ferris wheel. A skating rink is not a nuisance *per se. Johnson v. Philadelphia,* 94 Miss. 34, 47 So. 526, 19

L. R. A. (N. S.) 637, 19 Ann. Cas. 103, and note. It was conclusively established in this case by the undisputed evidence that the skating rink here in question is not a nuisance in fact.

In *Vincent v. Seattle,* 115 Wash. 475, 197 Pac. 618, we held that a merry-go-round and ferris wheel, such as are operated on the adjoining property in the same block with that of respondent, involved nothing which is necessarily inherently evil, and, unlike places for the sale of intoxicating liquors, cannot be entirely prohibited on private property. Cf. *Seattle v. Ford, supra.*

In *Manos v. Seattle,* 146 Wash. 210, 262 Pac. 965, an action involving a dance-hall license which had been issued to this same respondent, we assumed that there was a possible difference between a dance hall business and a skating rink business. A skating rink is not one of the class of amusements or businesses which can be entirely prohibited.

"The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed *if it does not bear a substantial relation to the public health, safety, morals, or general welfare. . . .* That the invasion of the property of plaintiff in error was serious and highly injurious is clearly established; and, since a necessary basis for the support of that invasion is wanting, the action of the zoning authorities comes within the ban of the Fourteenth Amendment and cannot be sustained." (Italics ours.) *Nectow v. Cambridge,* 277 U. S. 183, 72 Law Ed. 842.

"Zoning measures must find their justification in the police power exerted in the interest of the public. . . . Legislatures may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities." *Washington ex rel. Seattle Title Trust Co. v. Roberge,* 278 U. S. 116, 73 Law Ed. 210.

Hence the ordinance in question in so far as it affects respondent, if regarded as a zoning ordinance, is invalid because not based upon a valid exercise of the police power.

As a regulatory and licensing ordinance, respondent concedes the reasonableness and validity thereof, and the decree of the trial court enjoins appellants from interfering with or molesting respondent in the operation of the skating rink at the place described so long only as he pays or tenders the license fee therefor required by law.

The results and reasoning in the cases above cited impel us to conclude that the ordinance in question is void as in violation of provisions of the Federal and state constitutions heretofore cited.

Affirmed.

MITCHELL, MILLARD, and MAIN, JJ., concur.

BEALS, C. J., concurs in the result.