O'CONNELL *v.* MENOMINEE BAY SHORE LUMBER CO.

1. CONSTITUTIONAL LAW—JUSTICES OF THE PEACE—JURISDICTION—SERVICE OF PROCESS.

2 How. Stat. § 7317, which authorizes the service of process, in certain classes of cases, in counties adjoining that in which the court issuing the process is held, does not, as applied to justices of the peace, operate as an unconstitutional enlargement of the jurisdiction of constitutional officers, in view of the express provision of the Constitution that the powers and duties of justices shall be defined and regulated by law.

2. SAME—CLASS LEGISLATION.

Such statute, however, is invalid as class legislation, in that it gives special privileges to suitors upon specified classes of claims, and also excludes corporations, and, so far as the jurisdiction of justices of the peace is concerned, associations of individuals, from the benefit of its provisions.

Error to Dickinson; Stone, J. Submitted February 3, 1897. Decided May 28, 1897.

*Assumpsit* by Patrick O'Connell against the Menominee Bay Shore Lumber Company for work and labor performed. From a judgment for plaintiff, defendant brings error. Reversed.

*B. J. Brown*, for appellant.

*Cook & Pelham*, for appellee.

HOOKER, J. 2 How. Stat. § 7317, permits the service of process, in certain classes of cases, in counties adjoining that within which the court issuing the process is held. These classes of cases are trespass and injuries to lands, cases for the unlawful conversion of crops, and actions wherein the demand is principally for labor or services performed by any individual or company. The defendant is a corporation, and was sued before a justice

of the peace in a county adjoining that in which it was domiciled, the process being a short summons. Its counsel contends that this statute enlarges the jurisdiction of justices, which cannot be done under the Constitution. It is said that they are constitutional officers, with well-known powers, which may not be changed. We consider the Constitution itself a sufficient answer to this, in that it expressly provides that the "powers and duties [of justices] shall be defined and regulated by law."

Next it is said that this is class legislation. The obvious purpose of this statute is to afford special privileges to suitors upon specified classes of claims, by permitting a different and more effective use of the courts and their process than is permitted in other cases. It is true that it permits everyone (except as hereinafter shown) who may possess a claim that falls within the classes mentioned to avail himself of the privilege, but the design and practical effect is plainly to give to one class in the community special facilities for the collection of money which others do not enjoy. Under this act, one who has a claim for services rendered by an individual or company (but not a corporation) may have the jurisdiction of a justice extended to half a dozen or more counties, while merchants, manufacturers, and others cannot. A farmer or other person who sells a load of wood in an adjoining county cannot have the benefit of this act, though the man to whom he sells it may compel him to answer a claim for services away from home. It has always been the rule that an alleged debtor could not be compelled to go away from his own county to defend a personal action under ordinary circumstances, and it is one of the unfortunate signs of the times that special advantages, especially to the extent of discrimination between the suitors of one and the same court, should be deemed necessary. It is true that any one can have the benefit of this act (except as indicated) who chooses to perform service, or, perhaps, to purchase such a claim; and so, in a technical sense, it may be said to apply to every one, and therefore not to be

class legislation. But, whatever may be thought of this, the act itself excepts from its benefits to a certain extent all companies, thus denying to firms or other associations, as well as to corporations, the privilege which is given to single suitors. It discriminates against the persons who unite in their labor or in purchasing such claims. It first gives the privileges to companies as well as individuals, and afterwards, by a proviso, limits its application to companies, by excluding the right in actions before justices,— another indication that the design was to give to certain classes special privileges.

In *Wilder* v. *Railway Co.*, 70 Mich. 382, the statute providing for the recovery of an attorney fee against railroads in actions for damages for killing cattle was held unconstitutional, upon the ground "that the legislature had attempted to grant special advantages to one class, at the expense of and to the detriment of another, and had undertaken to make the courts themselves the active agents in this injustice." In that case any one who might own and have cattle killed by a railroad was entitled to the benefit of the act, yet the court had no difficulty in saying that the law was intended "to grant a special benefit to a class." A similar law giving an attorney fee in actions for wages was declared unconstitutional by the supreme court of Ohio in the case of *Coal Co.* v. *Rosser*, 53 Ohio St. 12 (29 L. R. A. 386). The same doctrine is held in *Grand Rapids Chair Co.* v. *Runnels*, 77 Mich. 104; *Schut* v. *Railway Co.*, 70 Mich. 433; *Rinear* v. *Railroad Co.*, Id. 620; *Lafferty* v. *Railway Co.*, 71 Mich. 35. In these cases the discrimination between classes of suitors related to the amount of costs taxable. In the present case it relates to the territorial jurisdiction of the court, and does not appear to be based on any necessity. Mr. Justice MORSE indicated a doubt of the constitutionality of this act in the case of *Antcliff* v. *June*, 81 Mich. 492 (21 Am. St. Rep. 533). We think it unconstitutional.

The judgment is reversed, and no new trial ordered.

The other Justices concurred.